**Continuation**

I, Jon Schafer, being duly sworn, state as follows:

**I. Introduction**

1. I am a member of the Grand Rapids Police Department (GRPD) currently assigned to the Vice Unit and the Drug Enforcement Administration (DEA) as a Task Force Officer. I have been a police officer for the last 18 years and have three years of experience as a narcotics officer. I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I have had in-house and on the job training from the Grand Rapids Police Department and the GRPD Vice Unit. I have also completed several structured trainings provided by the Drug Enforcement Administration. I have also gained experience in cooperating with other local and federal law enforcement agencies specializing in narcotics trafficking, including other law enforcement officers with the Michigan State Police, Kent County Sheriff's Office, Drug Enforcement Administration; attorneys with the Kent County Prosecutor's Office and the United States Attorney's Office; and area District and Circuit judges; regarding the various ways and means by which controlled substances, and the methods by which drug traffickers obtain and utilize proceeds from drug sales.

1

2. I have been involved in the execution of undercover narcotics cases and search warrants over the last three years in the Vice Unit and DEA and ten years in the Special Response Team; including investigations in which I assisted other officers in undercover investigations, and/or participated in the drafting of search warrants for controlled substances. I have interviewed and/or debriefed individuals involved in drug trafficking. I have also worked with and/or was the control officer of several civilian police informants who have since agreed to cooperate with police agencies, thereby learning firsthand the intricacies of drug trafficking, including but not limited to: a working knowledge of how drug houses operate in obtaining, processing, packaging and distributing drug proceeds; the market value of various amounts of drugs; and the often subtle distinctions between a user of drugs as compared to a trafficker of drugs. I have testified several times in District, Circuit and Federal Courts.

3. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, the laundering of narcotics proceeds, and the dialect (lingo) and coded language used by narcotics traffickers. In connection with my duties, I investigate criminal violations of the federal and state controlled substance laws including, but not limited to, conspiracy and attempt to possess with intent to distribute and to distribute controlled substances, in violation of Title 21,

United States Code, Section 846; possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); use of communication facilities to facilitate drug trafficking offenses, in violation of Title 21, United States Code, Section 843(b); and offenses involving money laundering, conspiracy to do the same, and attempts to do the same, in violation of 18 U.S.C. §§ 1956 and 1957.

4.      Because this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and events described in this Affidavit. Further, I incorporate by reference all the allegations made in my continuation affidavit filed in support of the Criminal Complaint in 17-mj-282, *United States v. Yusef Phillips et al.*, sworn before this Court on September 1, 2017. That continuation is attached here as Exhibit A for the Court's reference. This Affidavit is made in support of a complaint that charges that:

   a.   From 2016 to on or about September 1, 2017, in Grand Rapids and Benton Harbor, in the Western District of Michigan, Southern Division, and elsewhere ALEX ALBERTO CASTRO, Yusef Lateef Phillips, aka "Sef"; Ray Anthony Lee; Demetrius Dewayne Gaines; Cazembie Sokoni Baskin, aka "Doe-Boy"; Jesse Martell Phillips; Retisha Mae Pegram, aka "Blackie"; Phillip Nelson; Brandon

Kenyen Parks; Michael Yadell Nelson; Michael Gould; Kayode Moyo-Jomoke Marshall; Solon Tatum; Tony Kirkland; Salvador Cervantes; Toranita Meridy; Jacob Weisman; Etrevion Jaquoi Murphy and Miguel Raya, did conspire with each other and with others known and unknown to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

5.  The statements contained in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided by other federal law enforcement officers, Grand Rapids Police Department Detectives and the Kent Area Narcotics Enforcement Team Detectives; (c) review of consensually recorded conversations and conversations intercepted pursuant to court orders authorizing the interception of wire and electronic communications; (d) laboratory analysis reports; (e) surveillance reports; (f) criminal history records; (g) information from confidential informants; and (h) my training and experience and the training and experience of other law enforcement agents.

**Probable Cause**

6.　In addition to the allegations made in support of the complaint in 17-mj-282, *United States v. Yusef Lateef Phillips et al.*, investigators determined the identity of the UNKNOWN MALE (UM1), described as Yusef Phillips's California based source of supply for heroin and cocaine.  Investigators determined that UM1 is ALEX ALBERTO CASTRO, by playing an interception from Yusef Phillips's **Target Phone 4**, in which Phillips spoke to his source.  CASTRO's federal probation officer, who is familiar with CASTRO's voice from CASTRO's time on supervised release, recognized CASTRO as the speaker in the calls.  Additionally, in another segment of the call, CASTRO mentioned that he was travelling to Lake Havasu over the Labor Day weekend, which was consistent with the officer's information as he had given CASTRO permission under the restrictions of CASTRO's supervised release to travel to Lake Havasu this past Labor Day weekend.  Investigators recognized CASTRO as the same speaker in the relevant calls referenced in paragraphs 135-148 and 152, of the 17-mj-282 complaint, in which CATRO discussed sending Phillips 15 kilograms of cocaine and another kilogram of heroin.

**Conclusion**

13.     Based upon the foregoing information, and the allegations made in support of the criminal complaint filed in *United States v. Yusef Phillips*, No. 1:17-mj-282, I believe there is probable cause to charge ALEX ALBERTO CASTRO with conspiring with others to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 1000 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(1), all in violation of Title 21, United States Code, Section 846.