FILED - GR
July 27, 2017 12:46 PM
CLERK OP COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: kvl /_____ SCANNED BY: /CT/7/57

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Application of the United States of America for Authorization to Intercept Wire and Electronic Communications Occurring over the Cellular Telephone Currently Assigned Telephone Number 901-229-6346, ESN A000004778A3BE ("**Target Phone 4**") _____/ | No.   1:17-mc-52-4<br><br>Hon. Robert J. Jonker<br>Chief District Judge<br><br>**Under Seal** |

### APPLICATION FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS AND OTHER RELIEF CONCERNING TARGET PHONE 4

Stephen P. Baker, Assistant United States Attorney for the Western District of Michigan, being duly sworn, states:

1. Applicant is an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an attorney authorized by law to prosecute or participate in the prosecution of offenses enumerated in Section 2516 of Title 18, United States Code. Applicant is also an "attorney for the government," as defined in Rule 1(b) of the Federal Rules of Criminal Procedure and pursuant to Section 2516(3) of Title 18, United States Code, is authorized to make an application to a federal judge of competent jurisdiction for an order authorizing or approving the interception of wire and electronic communications.

2. This application is for an order pursuant to Section 2518 of Title 18, United States Code, authorizing the interception of the wire and electronic communications of: YUSEF LATEEF PHILLIPS, aka "Sef"; RAY ANTHONY LEE, aka "Rudy Ray"; MICHAEL GOULD; JENNIFER JOY THOMAS (collectively, the **Interceptees of Target Phone 4** or **Interceptees**) and others as yet unknown, occurring to and from a cellular telephone currently assigned telephone number (901) 229-6346 with ESN A000004778A3BE, a phone showing a billing party of "Update Info" with an address of 295 Parkshore Drive, Folsom, CA, 95630 used by YUSEF PHILLIPS, with service provided by Cellco Partnership DBA Verizon Wireless (hereinafter referred to as "**Target Phone 4**" or the "**Target Phone**").

3. The authorization sought is intended to apply not only to the telephone numbers assigned to the **Target Phone**, but also to (i) any background conversations intercepted in the vicinity of the **Target Phone** while the telephone is off the hook or otherwise in use; (ii) any wire and electronic communications that are intended for the **Target Phone** but are redirected due to the activation of the service provider's call-forwarding feature for the **Target Phone**; (iii) any real time interception of messages that are left in or retrieved from the voice mail system of the **Target Phone**; and (iv) any

other phone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the **Target Phone**, within the thirty-day period. The authorization is also intended to apply to the numbers of the **Target Phone** referenced above regardless of service provider.

4. There is probable cause to believe that the **Interceptees** and others as yet unknown are committing, and will continue to commit violations specified in Title 18, United States Code, Section 2516, namely: (1) the distribution and possession with the intent to distribute controlled substances and attempt and conspiracy to do so, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) using a communication facility in committing these offenses, in violation of 21 U.S.C. § 843(b); and (3) offenses involving money laundering, conspiracy to do the same, and attempts to do the same, in violation of 18 U.S.C. §§ 1956 and 1957 (hereinafter, the "**Target Offenses**").

5. Pursuant to Section 2516 of Title 18, United States Code, the Attorney General of the United States has specifically designated the Assistant Attorney General in charge of the Criminal Division and any Deputy Assistant Attorney General of the Criminal Division to exercise the power conferred on the Attorney General by Section 2516 of Title 18, United States Code, to authorize an application for the interception of wire and electronic

3

communications. Under the power designated to him by special designation of the Attorney General pursuant to Order number 3854-2017 dated February 27, 2017, Richard W. Downing, Deputy Assistant Attorney General for the Criminal Division, an appropriate official of the Criminal Division, has authorized this Application on July 27, 2017, with regard to the interception of wire and electronic communications. Attached to this Application and identified as **Exhibit A** is a copy of the Attorney General's order of special designation. Also attached and identified as **Exhibit B** is a copy of the memorandum of authorization approving this Application.

6. I have discussed the circumstances of the **Target Offenses** with Drug Enforcement Administration ("DEA") Special Agent Alexis Giudice, and have examined her Affidavit, which is attached to this Application and incorporated herein by reference as **Exhibit C**. Based upon that Affidavit, your Applicant states upon information and belief that:

a. There is probable cause to believe that YUSEF LATEEF PHILLIPS, aka "Sef"; RAY ANTHONY LEE, aka "Rudy Ray"; DEMETRIUS DEWAYNE GAINES; CAZEMBIE SOKONI BASKIN, aka "Doe-Boy"; ANDREA KAY THOMPSON; ERNESTINE HUBBARD; PAUL TIMOTHY WILLIAMS, aka "Fish boy"; JESSE MARTELL PHILLIPS; RETISHA MAE

PEGRAM, aka "Blackie"; KIMBERLY ANN FOSTER; KEONA NICOLE WILLIAMS; EDDIE CLIFTON POWELL, Jr.; PHILLIP NELSON; BRANDON KENYEN PARKS; CHARITY MAE VANDERWAL; TRISHA NELSON; DENATE QUINN; LATOYA JOWERS; LEON WILLIAMS, aka "Nuke;" MICHAEL YADELL NELSON; MICHAEL STERLING; MICHAEL GOULD; KAYODE MOYO-JOMOKE MARSHALL, ERIKA ATKINSON, SOLON TATUM, JENNIFER JOY THOMAS, and others yet unknown (collectively, the "TARGET SUBJECTS") have committed, are committing, and will continue to commit the **Target Offenses**;

      b.    There is probable cause to believe that particular wire and electronic communications of the **Interceptees** and others as yet unknown, occurring to and from the **Target Phone** concerning the **Target Offenses** will be obtained through the interception that is the subject of this application. In particular, these wire and electronic communications are expected to concern, among other things: (i) the nature, extent, and methods of the distribution of controlled substances by the **Interceptees** and others; (ii) the nature, extent, and methods of operation of the illegal business being conducted by the **Interceptees**; (iii) the identities and roles of accomplices, aiders and abettors, co-conspirators, and other participants in these illegal activities; (iv) the

distribution and transfer of controlled substances and money involved in the illegal activities; (v) the existence and location of records related to the illegal activities; (vi) the location and source of resources used to finance the illegal activities; (vii) the location and disposition of the proceeds from the illegal activities; and (viii) the locations and items used in furtherance of the illegal activities. In addition, these wire and electronic communications are expected to constitute admissible evidence of the commission of the **Target Offenses**.

   c. There is probable cause to believe that the **Target Phone** is being used and will continue to be used by the **Interceptees** and others as yet unknown in connection with the commission of the **Target Offenses**.

   d. The attached Affidavit contains a full and complete statement explaining why normal investigative procedures have been tried and failed, reasonably appear unlikely to succeed if continued, reasonably appear unlikely to succeed if tried, or are too dangerous.

   e. The attached Affidavit contains a full and complete statement of facts concerning all previous applications which are known to have been made to any judge of competent jurisdiction for approval of the interception of the oral, wire or electronic communications of any of the same

individuals or facilities specified in this Application, including the **Interceptees**, **Target Subjects**, and the **Target Phone**.

WHEREFORE, your Applicant believes that there is probable cause to believe that the **Target Subjects** and others as yet unknown, are engaged in the commission of the **Target Offenses**; that the **Interceptees** and others as yet unknown are using the **Target Phone** in connection with the commission of the **Target Offenses**; and that wire and electronic communications of the **Interceptees** and others as yet unknown will be intercepted over the **Target Phone**.

THE APPLICANT REQUESTS this Court to issue orders pursuant to the power conferred upon it by Section 2518 of Title 18, United States Code, authorizing the Drug Enforcement Administration ("DEA") to intercept wire and electronic communications occurring to and from the above-listed target telephone numbers for the **Target Phone** as well as to: (i) any background conversations intercepted in the vicinity of the **Target Phone** while the telephone is off the hook or otherwise in use; (ii) any wire and electronic communications that are intended for the **Target Phone** but are redirected due to the activation of the service provider's call forwarding feature for the **Target Phone**; (iii) any real time interception of messages that are left in or

retrieved from the voice mail system of the **Target Phone**; and (iv) any other phone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the **Target Phone**, within the thirty-day period. The authorization is also intended to apply to the numbers of the **Target Phone** referenced above regardless of service provider, are committing the **Target Offenses**, and which reveal fully the identities of their co-conspirators, their places and manner of operation, the nature of their activity pertaining to the **Target Offenses** and the use and location of proceeds from the **Target Offenses**, or for a period not to exceed thirty days, measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception or ten days after the Orders sought in this Application are entered.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2518(3), that in the event that the target phone is transferred or used outside the territorial jurisdiction of this Court, interceptions may continue within the Western District of Michigan where interceptions will first be heard and/or read and minimized.

IT IS FURTHER REQUESTED that this Court issue orders pursuant to Section 2518(4) of Title 18, United States Code, directing Cellco Partnership

DBA Verizon Wireless , an electronic communications service provider as defined in Section 2510(15) of Title 18, United States Code, and any subsequent electronic communications service providers that provide service to the **Target Phone** furnish to the DEA or other assisting law-enforcement agencies with all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such service provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over the above-described telephone. The service provider shall be compensated by DEA for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER REQUESTED, to avoid prejudice to this criminal investigation, that the Court order Cellco Partnership DBA Verizon Wireless , and any other subsequent service provider that provides service to the **Target Phone**, and their agents and employees, not to disclose or cause a disclosure of this Court's Orders or the request for information, facilities, and assistance by DEA or other law enforcement personnel assisting those federal agencies or the existence of the investigation to any person other than those of their agents

and employees who require this information to accomplish the services requested. In particular, Cellco Partnership DBA Verizon Wireless , and any subsequent service provider that provides service to the **Target Phone**, and their agents and employees, should be ordered not to make such disclosure to a lessee, telephone subscriber, or any **Interceptees** or participant in the intercepted communications.

IT IS FURTHER REQUESTED that this Court direct that its Orders be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code, and as further indicated in the attached Affidavit. The interception of wire and electronic communications authorized by this Court's Orders must terminate upon attainment of the authorized objectives, or in any event, at the end of thirty days measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception or ten days after the Orders sought in this Application are entered.

Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the **Interceptees** or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If any conversation is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. Special attention will be paid to the minimization of possibly privileged communications.

All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each text message will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If an intercepted text message is not relevant to the investigation or criminal in nature, or is privileged, the text message will be minimized by

remaining in an encrypted state and will not be accessible to or be disseminated to the entire investigative team. If the text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked as non-minimized and made available to the other agents and monitors involved in the investigation. All intercepted text messages will be sealed with the Court upon the expiration of the Court's order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.

IT IS FURTHER REQUESTED that pursuant to Title 18, United States Code, Section 2518(5), in the event the interceptions are in a code or foreign language and an expert in that code or foreign language is not reasonably available during the interception period, that minimization may be accomplished as soon as practicable after such interceptions.

IT IS FURTHER REQUESTED that the Court order that Assistant United States Attorney Stephen P. Baker, or any other Assistant United States

Attorney familiar with the facts of this case, provide the Court with a report on or about the tenth and twentieth days following the date of the commencement of the interception, showing what progress has been made toward achievement of the authorized objectives and the need for continued interception.

IT IS FURTHER REQUESTED that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further order of this Court. The United States will advise the Court of the change in service provider in the periodic progress reports submitted to this Court.

IT IS FURTHER REQUESTED that if any of the aforementioned reports should become due on a weekend or holiday that such report become due on the next business day thereafter.

### Requests for Pen Register and Trap and Trace Order and Order Authorizing Disclosure of Subscriber Information For Numbers in Contact with the Target Phone

IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d), Cellco Partnership DBA Verizon Wireless or any other subsequent service provider, providers of electronic communications services as defined in Title 18, United States Code, Section

2510(15), shall disclose to the applicant and the DEA the following information relevant to this investigation, as set forth in Title 18, United States Code, Section 2703(c)(2)(A)-(F), pertaining to the **Target Phone** and the telephone numbers assigned to or used by telephones or other devices that place or send wire or electronic communications to, or receive wire or electronic communications from, the **Target Phone**, within 24 hours of said request, including weekends and holidays, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation as set forth more fully in the affidavit: subscriber name; subscriber address; historical local and long distance telephone connection records, or records of session times and durations; length of service (including start date) and types of services utilized; telephone or instrument number or other subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity number, Universal Mobile Equipment Identity number, Electronic Serial Number, and Mobile Equipment Identity number); means and source of payment for service (including any credit card or bank account number).

IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Sections 3122, 3123, and 3124, the DEA shall install and use a pen register and trap and trace device (including but not limited to "caller identification") for up to 30 days on the **Target Phone**, to acquire and collect dialing, routing, addressing, and signaling information associated with each wire or electronic communication to and from the **Target Phone**, including, but not limited to: a) any unique identifiers associated with the cell phones, including ESN, MEID, IMSI, IMEI, or MIN; b) source and destination telephone numbers and email addresses; and c) date, time and duration of all communications. This should include dialing, routing, addressing, or signaling information transmitted on the Service Provider's packet-switched data network by "push-to-talk" technology, a.k.a. "Direct Connect," to provide digital two-way communication. The Applicant certifies that the information likely to be obtained by the installation and use of the pen register and trap and trace device is relevant to the ongoing criminal investigation conducted by the DEA and discussed in the affidavit. Pursuant to Title 18, United States Code, Sections 3123(b)(2) and 3124, it is requested that the Service Provider(s) shall furnish all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device. The

Service Provider shall be reasonably compensated by the DEA for such reasonable expenses incurred in providing such facilities and assistance.

IT IS FURTHER REQUESTED that the Court order that its Order, its Order to Service Provider, this Application, and the attached Affidavit be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on DEA and any other assisting law enforcement personnel, and the service providers, as necessary to effectuate the Court's Orders, as set forth in the proposed order accompanying this application.

DATED this 27th day of July, 2017

Stephen P. Baker
Assistant United States Attorneys
Western District of Michigan

SUBSCRIBED and SWORN to before me
this 27th day of July, 2017.

ROBERT J. JONKER
Chief District Judge
United States District Court
Western District of Michigan

16